Filed 10/10/22  P. v. Canela CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B315246 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA045520) |
| v. | |
| PEDRO PRADO CANELA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pedro Prado Canela pleaded guilty in 1992 to possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a).  Canela filed a motion in 2019 under Penal Code section 1473.7 to vacate the 1992 conviction.[1]  The trial court denied Canela's motion, and Canela did not appeal from the trial court's order denying his motion.

Canela filed a second motion under section 1473.7 in 2021.  Citing Canela's first motion having been heard on the merits and denied, the trial court dismissed Canela's second motion.  The People argue that Canela's appeal from the second section 1473.7 motion is untimely and the appeal should be dismissed.  We conclude that Canela has not demonstrated prejudice as a result of the asserted trial court error; we affirm.

## BACKGROUND

Canela was charged in September 1991 with second degree robbery (§ 211) and possession of cocaine (Health & Saf. Code, § 11350, subd. (a)).  According to the trial court's docket, which Canela attached to his first section 1473.7 motion, the trial court dismissed the robbery count and held Canela to answer for possession of cocaine.  Canela was placed into a deferred entry of judgment program and placed on informal probation.

Canela violated the terms of his deferred entry of judgment program, and in 1992 pleaded guilty to possession of cocaine.

At his arraignment in 1991, the trial court advised Canela: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

2

United States, or denial of naturalization pursuant to the laws of the United States."

At the 1992 hearing where he pleaded guilty to possession of cocaine, the trial court told Canela: "If you're not a citizen of the United States, pleading guilty to these two charges could very [*sic*] prevent you from becoming a citizen, get you deported. [¶] If you're here lawfully but not as a citizen, that right could be taken from you. You could be denied a right to remain in the country lawfully in the future. [¶] Do you understand that?" Canela responded: "Yes."

At that hearing, the trial court indicated that it would be placing Canela on probation. Canela's attorney requested that "in the event [Canela] gets deported . . . the formal probation could revert to probation without supervision." The trial court responded, "All right. [¶] I'm going to place you officially, sir, on formal probation. If you are deported, that will revert to probation without supervision." The trial court placed Canela on formal probation for three years.

An immigration judge ordered Canela removed from the United States on April 5, 1993.

## A. First Section 1473.7 Motion to Vacate

In September 2019, Canela filed a motion to vacate his 1992 conviction under section 1473.7. In the motion, he argued that his conviction was "legally invalid because [he] was never advised of the proper immigration consequences of his guilty plea" to the possession of cocaine count. Specifically, he argued that "[h]e was not advised that by pleading guilty to this charge, he would be placed in mandatory custody of . . . Immigration & Customs Enforcement." He also argued that had he "understood the immigration consequences of [his] plea . . ., he would not have

3

agreed to the plea. . . . He never would have agreed to anything that would automatically cause him to be exiled from and forbidden him to remain in the United States."

The trial court heard Canela's motion on October 7, 2019. At that hearing, Canela argued that *People v. Camacho* (2019) 32 Cal.App.5th 998 (*Camacho*) shifted the focus of motions under section 1473.7 to "whether the defendant meaningfully understood the consequences of his plea." The remaining argument focused on Canela's assertion that he was not told he *would* be deported if convicted of possession of cocaine, but rather was only told that he *may* be deported. The trial court responded that it was unaware of case law that says "you have to tell the defendant that he absolutely will be deported." Canela responded that the question was ultimately whether the defendant subjectively understood that he *would* be deported, and the trial court's advisement was relevant to that question.

The trial court denied Canela's motion. The trial court pointed out that not only was there a colloquy in the plea transcript regarding the *possibility* that Canela might be deported if convicted, there was further discussion: "But here the whole discussion, well, 'if he gets deported,' they're discussing deportation. So it's even supplemental in this case as opposed to most others. [¶] I don't believe that the burden has been met. I don't believe that case law has told us that just because he says he didn't understand, now we have to accept it, and we're done, and that's it. I don't believe that to be true. Because if it were true, then anybody could just file a declaration and simply say 'I didn't underst[and] what I was told in 1985 and didn't understand that this was going to happen.' It's called lying. It's called credibility."

4

Canela did not appeal from the trial court's denial of his first section 1473.7 motion to vacate the conviction.[2]

## B. Second Section 1473.7 Motion to Vacate

Canela filed a second motion to vacate 1992 conviction under section 1473.7 on July 9, 2021.

Canela's second motion largely tracked his first. Canela argued that he could "demonstrate [that] he failed to meaningfully understand the immigration consequences of his plea as he was never told of the actual consequences [that] would arise from the conviction." He argued that if he "had fully understood the serious immigration consequences of his plea, he would have requested that his attorney attempt to negotiate an alternate plea that would not subject him to the dire immigration consequences he now faces, or gone to trial."

In his second motion, Canela alleged ineffective assistance of trial counsel. Quoting *People v. Mejia* (2019) 36 Cal.App.5th 859, 871 he also argued that a defendant is prejudiced by incorrect immigration advice if " 'there is a reasonable probability that the person would not have pleaded guilty and would have risked going to trial . . . had the person known that the guilty plea would result in mandatory deportation and dire immigration consequences.' " Finally, Canela added dozens of pages worth of

---

[2] On February 27, 2020, Canela filed a motion to have the conviction count reduced to a misdemeanor under section 17, subdivision (b), and dismissed under section 1203.4. The trial court granted the motion. On May 10, 2021, Canela petitioned the trial court for permission to withdraw his guilty plea under section 1203.43. The trial court denied the section 1203.43 petition.

exhibits to his motion that he argued demonstrated his ties to the United States and the lack of any connections to Mexico.

At a hearing on September 8, 2021, the trial court dismissed Canela's second section 1473.7 motion. The trial court explained: "On 7/9/21 defendant files a second successive 1473 motion. There's no grounds to do that. That motion has already been filed and heard. There's no changed circumstances, no new facts or circumstances. Same items are argued. The argument remains that defendant did not understand the consequences of the plea and that counsel did not advise him on the consequences thoroughly. However, in both motions that argument was made, and the Court ruled. [¶] This is a second successive motion. That is not the appropriate manner in which this is done. The Court can review this under *de novo* standards, but it's not timely under that either. Your motion has been heard. It's been denied. [¶] You had the potential of conducting an appeal or a writ. You didn't do that in a timely fashion. You do not get to simply refile 1473 every time you think you have the option to do so. [¶] Therefore, this case is dismissed and taken off calendar. There is no motion available on this case."

Canela filed a notice of appeal from the trial court's denial of his second section 1473.7 motion.

## DISCUSSION

### A. Canela's trial counsel was not ineffective

Canela's primary contention on appeal is that his counsel in the trial court was ineffective because she failed to cite our Supreme Court's opinion in *People v. Vivar* (2021) 11 Cal.5th 510 (*Vivar*) in either briefing or argument on his second section 1473.7 motion. Canela also argues that the trial court erred "when it concluded that [Canela] was estopped from arguing and

6

presenting additional evidence in support of his second motion to vacate."

"To establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant."  (*People v. Scott* (1997) 15 Cal.4th 1188, 1211.)  As we explain, Canela has not demonstrated that trial counsel was ineffective.

Canela's briefing here explains that "[o]n May 3, 2021, the California Supreme Court issued its decision in [*Vivar, supra*, 11 Cal.5th 510, which,] among other things, adopt[ed] a new prejudice standard in cases in which a criminal . . . defendant alleges ineffective assistance of counsel in a section 1473.7 motion."  Under *Vivar*, Canela quotes, "[s]howing prejudicial error under section 1473.7, subdivision (a)(1) means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences."  This standard, Canela argues, granted him and other defendants "expanded rights to establish that counsel failed to properly advise him of the consequences of his plea options" because it "made it easier . . . to demonstrate that [a] plea to possession of a controlled substance . . . was legally invalid due to a prejudicial error by [the] attorney at the plea hearing."

One problem with Canela's ineffective assistance argument is that the standard for prejudice under section 1473.7 that *Vivar* endorsed was not new, and was the same standard for prejudice

that existed when the trial court considered Canela's first section 1473.7 motion.

Our colleagues in Division Six outlined the history of section 1473.7 and the standard for establishing prejudice thereunder in their opinion in *People v. Ruiz* (2020) 49 Cal.App.5th 1061 (*Ruiz*).  "Section 1473.7 was enacted in 2017," they explained.  (*Id.* at p. 1066.)  "It authorized a defendant to 'prosecute a motion to vacate a conviction' that is 'legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea.'  (Former § 1473.7, subd. (a)(1).)

"In 2018, the Legislature passed Assembly Bill No. 2867 (2017-2018 Reg. Sess.) to modify section 1473.7.  This new law, effective January 1, 2019, *made it easier to retroactively challenge convictions based on the ground that the defendant was not properly advised of the immigration consequences.*  Before the passage of Assembly Bill No. 2867, courts had ruled that defendants filing section 1473.7 motions and claiming their counsel erred on immigration advisements had to meet the standards required by *Strickland v. Washington* (1984) 466 U.S. 668, 688, 695 . . . to set aside a conviction."  (*Ruiz, supra,* 49 Cal.App.5th at p. 1066, italics added.)

"The new law, effective in 2019, eliminated the *Strickland* requirements.  [(Citing *Camacho, supra,* 32 Cal.App.5th at pp. 1005-1006.)]  Now the trial court may set aside a conviction based on counsel's immigration advisement errors without a 'finding of ineffective assistance of counsel.'  [Citation.]  A defendant need only show that there were 'one or more' errors that 'were prejudicial and damaged [a defendant's] "ability to meaningfully

8

understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of [his or her] plea." ' " (*Ruiz, supra*, 49 Cal.App.5th at p. 1067.)

The amendments to section 1473.7 effective in 2019 lowered the standard a defendant would need to make to show prejudice under the statute. And a host of cases had already recognized the lower standard that *Vivar* acknowledged by the time Canela filed his *first* motion under section 1473.7. *Camacho, supra*, 32 Cal.App.5th 998, states, for example: "The *Martinez* court concluded that because 'the defendant's decision to accept or reject a plea bargain can be profoundly influenced by the knowledge, or lack of knowledge, that a conviction in accordance with the plea will have immigration consequences . . ., *and because the test for prejudice considers what the defendant would have done, not what the effect of that decision would have been*, a court ruling on a section 1016.5 motion may not deny relief simply by finding it not reasonably probable the defendant by rejecting the plea would have obtained a more favorable outcome.' [Citation.] Instead, the defendant *may show prejudice by 'convinc[ing] the court [that he] would have chosen to lose the benefits of the plea bargain despite the possibility or probability deportation would nonetheless follow*.' [Citations.] [¶] The principles found in *Martinez* and *Lee* apply equally to a prejudice analysis under section 1473.7." (*Id.* at p. 1010.)

Canela's counsel did not specifically cite *Vivar, supra*, 11 Cal.5th 510 in its brief or argument to the trial court related to Canela's second section 1473.7 motion. But Canela's attorney *did* cite cases, including *Camacho, supra*, 32 Cal.App.5th 998, in *both* of Canela's section 1473.7 motions that identified the correct standard for determining whether counsel's failure to properly

9

advise a defendant of the immigration consequences of a particular plea was prejudicial under section 1473.7. Canela has not demonstrated, therefore that counsel's failure to specifically cite *Vivar* in his second section 1473.7 motion constituted ineffective assistance of trial counsel.

We also view as significant, however, that the trial court's denial of Canela's first motion was not based on whether Canela was prejudiced because he did not know the immigration consequences of his plea. The trial court's denial was based on the fact that the trial court did not believe Canela's assertion that he was not aware of the immigration consequences of his plea agreement.

The People argued and the trial court focused at the hearing on Canela's first section 1473.7 motion on the fact that *in addition to the immigration advisements the trial court made during Canela's plea hearing*, Canela's counsel requested and the trial court ordered that *"if [Canela is] deported, [formal probation] will revert to probation without formal supervision."* The trial court noted that "this particular case, it's very different from . . . other cases" because of the "whole discussion . . . they're discussing the deportation" and what happens to the defendant's probation *if* the defendant is deported. The trial court's denial of Canela's motion did not turn on prejudice (as that term is used in section 1473.7), but rather turned on the fact that the trial court did not believe—based on the entire record before it—the assertions Canela made to support his section 1473.7 motion. The trial court stated on the record that its conclusion was based on its determination that Canela's assertions were not credible.

Canela has made no argument here that the trial court was required to believe the assertions he made in support of his

section 1473.7 motion, particularly in light of evidence in the record that contradicted—or at least did not support—Canela's assertions.  The *Vivar* court "assume[d] . . . that counsel failed to properly advise Vivar about the immigration consequences of his plea or of the plea offers he rejected."  (*Vivar, supra,* 11 Cal.5th at p. 521.)  Consequently, even if trial counsel had cited *Vivar,* that citation would not have required the trial court to draw a different conclusion about whether it believed Canela had been properly advised about the immigration consequences of his plea.

## B. Canela has not demonstrated prejudice from the trial court's denial of his second section 1473.7 motion

Canela's contention that the trial court erred by denying his second section 1473.7 motion as successive suffers from the same defect; nothing in Canela's second motion addresses the trial court's concern about Canela's credibility.  Likewise, Canela presents no argument or authority here to suggest the trial court could not make the dispositive credibility determination it made.

In support of his second motion, Canela presented what he calls "new evidence that he was not properly advised of the immigration consequences of his plea."  It is not at all clear that the "new evidence" that Canela presented to the trial court in support of his second section 1473.7 motion was actually new.  The evidence Canela added to his second motion appears to be evidence that would have been available to his attorney through an exercise of reasonable diligence at the time Canela filed his first motion.  Canela states that *he* was in custody when the first motion was filed and that *he* was therefore unable to "obtain the necessary documents to fully support the motion."  But he does

11

not explain why his retained counsel could not obtain whatever documents he contends he was unable to obtain.

Additionally, Canela's "new evidence" was not evidence about the advice he was given or evidence that would add context to the discussion during Canela's probation violation hearing during which his counsel asked the trial court "if [Canela's] formal probation could revert to probation without supervision" "in the event [Canela] gets deported."  Rather, the evidence Canela submitted was evidence about his connections to the United States, his activities in the United States, and why it is important to him to remain in the United States.  The "new evidence" does not bear on or rebut the trial court's conclusion at the hearing on Canela's *first* motion that Canela's statements about the actions he would have taken 30 years ago were not credible.

Although Canela has presented no authority that would guide us in determining whether his marshaling of "new evidence" should permit him to file serial section 1473.7 motions, we find assistance in cases about motions for new trial based on newly discovered evidence.  Those cases provide for a new trial where evidence ("and not merely its materiality") is *newly discovered*; *not* where evidence was available but not presented at an earlier trial.  (*People v. Dyer* (1988) 45 Cal.3d 26, 50; *People v. Delgado* (1993) 5 Cal.4th 312, 328.)  And the evidence must "be such as to render a different result probable on a retrial of the cause." (*Dyer*, at p. 50.)

The trial court's conclusion on Canela's first section 1473.7 motion was driven by its review of Canela's plea record, the discussion on the plea transcript about what would happen to Canela's sentence "in the event" he were to be deported, and the

12

trial court's conclusion that Canela's statements about events that happened decades ago were not credible. The evidence Canela presented in support of his second section 1473.7 motion was about the life that he has built in the United States *since* that time. And while Canela has presented us with neither argument nor authority that "new evidence" should permit him to file a second motion, it appears that the evidence he presented was not new and would not have produced a different result had the trial court heard the motion on the merits a second time.

Ultimately, therefore, even if we were to conclude that Canela's second motion was not barred as successive, he has demonstrated no prejudice from the trial court's order dismissing the matter. (See *People v. Jefferson* (2015) 238 Cal.App.4th 494, 508.)

## DISPOSITION

The trial court's order is affirmed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          KELLEY, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.